UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JOHNNY ARELLANO CERVERA, individually and on behalf of others similarly situated,

                           Plaintiffs,

- against -

SCENIC ROUTE 66 CAFÉ INC. (D/B/A ROUTE 66 CAFÉ), KATARZYNA BANAS, and RICHARD KATEHIS,

                           Defendants.
------------------------------------------------------------------- X

Index No.:

18-CV-05084 (JPO)

**VERIFIED ANSWER**

Defendants SCENIC ROUTE 66 CAFÉ INC. (D/B/A ROUTE 66 CAFÉ) (hereafter referred to as "Route 66", KATARZYNA BANAS (hereafter referred to as "Banas"), and RICHARD KATEHIS (hereafter referred to as "Katehis") (collectively referred to as "Defendants") by their attorney, the Law Offices of Michael P. Giampilis, P.C. as and for its answer to the plaintiffs' complaint states as follows:

## NATURE OF THE ACTION

1. Defendants agree with the statements contained in paragraph "1" of the complaint.

2. Defendants agree with the statements contained in paragraph "2" of the complaint.

3. Defendants deny the allegations contained in paragraph "3" of the complaint except that Banas and Katehis are shareholders and solely operate Route 66.

4. Defendants agree with the statements contained in paragraph "4" of the complaint.

5. Defendants agree with the statements contained in paragraph "5" of the complaint.

6. Defendants deny the allegations contained in paragraph "6" of the complaint.

7. Defendants deny the allegations contained in paragraph "7" of the complaint.

8. Defendants deny the allegations contained in paragraph "8" of the complaint.

9. Defendants deny the allegations contained in paragraph "9" of the complaint.

10. Defendants deny the allegations contained in paragraph "10" of the complaint.

11. Defendants deny the allegations contained in paragraph "11" of the complaint.

12. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "12" of the complaint. The Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") speak for themselves.

13. Defendants deny the allegations contained in paragraph "13" of the complaint.

14. Defendants deny the allegations contained in paragraph "14" of the complaint.

15. Defendants deny the allegations contained in paragraph "15" of the complaint.

16. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "16" of the complaint. The FLSA, NYLL, and all other statutes referenced in this paragraph speak for themselves.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the complaint.

## JURISDICTION AND VENUE

18. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "18" of the complaint. The statutes cited by plaintiffs speak for themselves.

19. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "19" of the complaint. The statutes cited by plaintiffs speak for themselves.

## PARTIES

### *Plaintiff*

20. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "20" of the complaint.

21. Defendants deny the allegations contained in paragraph "21" of the complaint.

22. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of the complaint.

### *Defendants*

23. Defendants agree with the statements contained in paragraph "23" of the complaint.

24. Defendants agree with the statements contained in paragraph "24" of the complaint.

25. Defendants agree with the statements contained in paragraph "25" of the complaint.

26. Defendants agree with the statements contained in paragraph "26" of the complaint.

### FACTUAL ALLEGATIONS

27. Defendants agree with the statements contained in paragraph "27" of the complaint.

28. Defendants agree with the statements contained in paragraph "28" of the complaint.

29. Defendants agree with the statements contained in paragraph "29" of the complaint.

30. Defendants agree with the statements contained in paragraph "30" of the complaint.

31. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "31" of the complaint. The statutes cited by plaintiffs speak for themselves.

32. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "32" of the complaint.

33. Defendants deny the allegations contained in paragraph "33" of the complaint.

34. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "34" of the complaint. The statutes cited by plaintiffs speak for themselves.

35. Defendants agree with the statements contained in paragraph "35" of the complaint.

36. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "36" of the complaint.

### *Individual Plaintiffs*

37. Defendants deny the allegations contained in paragraph "37" of the complaint.

38. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "38" of the complaint.

*Plaintiff Johnny Arellano Cervera*

39. Defendants deny the allegations contained in paragraph "39" of the complaint.
40. Defendants deny the allegations contained in paragraph "40" of the complaint.
41. Defendants deny the allegations contained in paragraph "41" of the complaint.
42. Defendants deny the allegations contained in paragraph "42" of the complaint.
43. Defendants deny the allegations contained in paragraph "43 of the complaint.
44. Defendants deny the allegations contained in paragraph "44" of the complaint.
45. Defendants deny the allegations contained in paragraph "45" of the complaint.
46. Defendants deny the allegations contained in paragraph "46" of the complaint.
47. Defendants deny the allegations contained in paragraph "47" of the complaint.
48. Defendants deny the allegations contained in paragraph "48" of the complaint.
49. Defendants deny the allegations contained in paragraph "49" of the complaint.
50. Defendants deny the allegations contained in paragraph "50" of the complaint.
51. Defendants deny the allegations contained in paragraph "51" of the complaint.
52. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "52" of the complaint. Plaintiff was however paid by the hour.
53. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "53" of the complaint. Plaintiff was however paid by the hour.
54. Defendants deny the allegations contained in paragraph "54" of the complaint.
55. Defendants deny the allegations contained in paragraph "55" of the complaint.
56. Defendants deny the allegations contained in paragraph "56" of the complaint.
57. Defendants deny the allegations contained in paragraph "57" of the complaint.

58. Defendants deny the allegations contained in paragraph "58" of the complaint.

59. Defendants deny the allegations contained in paragraph "59" of the complaint.

60. Defendants deny the allegations contained in paragraph "60" of the complaint.

61. Defendants deny the allegations contained in paragraph "61" of the complaint.

62. Defendants deny the allegations contained in paragraph "62" of the complaint.

63. Defendants deny the allegations contained in paragraph "63" of the complaint.

64. Defendants deny the allegations contained in paragraph "64" of the complaint.

### *Defendants' General Employment Practices*

65. Defendants deny the allegations contained in paragraph "65" of the complaint.

66. Defendants deny the allegations contained in paragraph "66" of the complaint.

67. Defendants deny the allegations contained in paragraph "67" of the complaint.

68. Defendants deny the allegations contained in paragraph "68" of the complaint.

69. Defendants deny the allegations contained in paragraph "69" of the complaint.

70. Defendants deny the allegations contained in paragraph "70" of the complaint.

71. Defendants deny the allegations contained in paragraph "71" of the complaint.

72. Defendants deny the allegations contained in paragraph "72" of the complaint.

73. Defendants deny the allegations contained in paragraph "73" of the complaint.

74. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "74" of the complaint. The statutes cited by plaintiffs speak for themselves.

75. Defendants deny the allegations contained in paragraph "75" of the complaint.

76. Defendants deny the allegations contained in paragraph "76" of the complaint.

77. Defendants deny the allegations contained in paragraph "77" of the complaint.

78. Defendants deny the allegations contained in paragraph "78" of the complaint.

79. Defendants deny the allegations contained in paragraph "79" of the complaint.

80. Defendants deny the allegations contained in paragraph "80" of the complaint.

81. Defendants deny the allegations contained in paragraph "81" of the complaint.

82. Defendants deny the allegations contained in paragraph "82" of the complaint except that plaintiff was paid in cash and by check during his employment at Route 66.

83. Defendants deny the allegations contained in paragraph "83" of the complaint.

84. Defendants deny the allegations contained in paragraph "84" of the complaint.

85. Defendants deny the allegations contained in paragraph "85" of the complaint.

86. Defendants deny the allegations contained in paragraph "86" of the complaint.

87. Defendants deny the allegations contained in paragraph "87" of the complaint.

## FLSA COLLECTIVE CLAIMS

88. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "88" of the complaint.

89. Defendants deny the allegations contained in paragraph "89" of the complaint.

90. Defendants deny the allegations contained in paragraph "90" of the complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "90" of the complaint.

92. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "92" of the complaint. The statutes cited by plaintiffs speak for themselves.

93. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "93" of the complaint. The statutes cited by plaintiffs speak for themselves.

94. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "94" of the complaint. The statutes cited by plaintiffs speak for themselves.

95. Defendants deny the allegations contained in paragraph "95" of the complaint.

96. Defendants deny the allegations contained in paragraph "96" of the complaint.

97. Defendants deny the allegations contained in paragraph "97" of the complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "97" of the complaint.

99. Defendants deny the allegations contained in paragraph "99" of the complaint.

100. Defendants deny the allegations contained in paragraph "100" of the complaint.

101. Defendants deny the allegations contained in paragraph "101" of the complaint.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "101" of the complaint.

103. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "103" of the complaint. The statutes cited by plaintiffs speak for themselves.

104. Defendants deny the allegations contained in paragraph "104" of the complaint.

105. Defendants deny the allegations contained in paragraph "105" of the complaint.

106. Defendants deny the allegations contained in paragraph "106" of the complaint.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF THE NEW YORK LABOR LAW

107. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "106" of the complaint.

108. Defendants deny the allegations contained in paragraph "108" of the complaint.

109. Defendants deny the allegations contained in paragraph "109" of the complaint.

110. Defendants deny the allegations contained in paragraph "110" of the complaint.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

111. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "110" of the complaint.

112. Defendants deny the allegations contained in paragraph "112" of the complaint.

113. Defendants deny the allegations contained in paragraph "113" of the complaint.

114. Defendants deny the allegations contained in paragraph "114" of the complaint.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

115. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "114" of the complaint.

116. Defendants deny the allegations contained in paragraph "116" of the complaint.

117. Defendants deny the allegations contained in paragraph "117" of the complaint.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

118. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "117" of the complaint.

119. Defendants deny the allegations contained in paragraph "119" of the complaint.

120. Defendants deny the allegations contained in paragraph "120" of the complaint.

## EIGHTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

121. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "120" of the complaint.

122.   Defendants deny the allegations contained in paragraph "122" of the complaint.

123.   Defendants deny the allegations contained in paragraph "123" of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was not employed by Defendants for the periods stated in the complaint. As such, no unpaid wages are due Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff was actually employed by Defendants, Plaintiff's wages were fully paid for the entire period of their employment.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to plaintiff, or in the alternative Plaintiff's claims should be reduced and the Defendants are entitled to a setoff for all wages paid to plaintiff during the employment period actually worked by Plaintiff, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's wages, including minimum wage, overtime pay and spread of hours pay claimed in the complaint were fully paid in accordance with the Federal Labor Standards Act and New York State Labor Laws.

### SIXTH AFFIRMATIVE DEFENSE

The causes of action asserted in the complaint are barred, in whole or in part, by the doctrines of unclean hands and bad faith conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by fraud and/or misrepresentation.

Defendants' actions were at all times proper and in good faith.

### RESERVATION OF RIGHTS

Defendants hereby give notice to Plaintiffs as stated in their Answer that they lack sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the Plaintiffs' complaint or specific knowledge of actions on the part of Plaintiffs or other persons that contributed to or caused Plaintiffs' alleged damages. Until Defendants avail themselves of their right of discovery, it cannot be determined whether or not the above stated Affirmative Defenses will be asserted at trial. Defendants assert these defenses in their Answer in order to preserve their right to assert these affirmative defenses at trial and to give Plaintiffs notice of their intention to assert these defenses and avoid waiver of any defenses.

Defendants therefore hereby reserve the right to add additional affirmative defenses as may become known during the course of discovery.

WHEREFORE, Defendants demand judgment dismissing Plaintiffs' complaint in its entirety, with an award of costs, disbursements and reasonable attorneys' fees, together with such other and further relief as to this Court seems just and proper.

Dated: August 9, 2018
       Mineola, New York

                      LAW OFFICES OF
                      MICHAEL P. GIAMPILIS, P.C.

                      _____
                      By: Michael P. Giampilis (MG3386)
                      Attorney for Defendants
                      94 Willis Avenue
                      Mineola, New York 11501
                      (516) 739-5838

(516) 739-8225 fax
mgiampilis@giampilislaw.com

To:    Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
(212) 317-1620 FAX
mfaillace@faillacelaw.com
sclark@faillacelaw.com

## VERIFICATION

STATE OF NEW YORK        }
COUNTY OF NEW YORK    } ss:.

      KATARZYNA BANAS, being duly sworn deposes and says that:

Your deponent is an officer of SCENIC ROUTE 66 CAFÉ INC. (D/B/A ROUTE 66 CAFÉ), a domestic corporation and defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my knowledge are my personal knowledge and a review of relevant books and records of the corporation.

_____
KATARZYNA BANAS

Sworn to before me, this
9th day of August, 2018

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 20 19

19

## VERIFICATION

STATE OF NEW YORK        }
COUNTY OF NEW YORK   } ss:.

KATARZYNA BANAS, being duly sworn deposes and says that:

Your deponent is a named defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. The grounds of my knowledge are my personal knowledge and a review of relevant books and records.

_____
KATARZYNA BANAS

Sworn to before me, this
9th day of August, 2018

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 20 19

21

## VERIFICATION

STATE OF NEW YORK         }
COUNTY OF NEW YORK    } ss:.

RICHARD KATEHIS, being duly sworn deposes and says that:

Your deponent is a named defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. The grounds of my knowledge are my personal knowledge and a review of relevant books and records.

_____
RICHARD KATEHIS

Sworn to before me, this
7th day of August, 2018

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6096632
Qualified In Queens County
Commission Expires January 27, 20 19